IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYRON WARD, | ) | |
| Plaintiff | ) | C.A. No. 09-68 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| KNOX McLAUGHLIN GORNALL | ) | Chief Magistrate Judge Baxter |
| & SENNETT, P.C., | ) | |
| Respondents | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and that Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] be dismissed as moot.

**II.     REPORT**

**A.     Relevant Procedural and Factual History**

On March 26, 2009, Plaintiff Myron Ward, an inmate incarcerated at the Federal Correctional Institution at Petersburg, Virginia ("FCI-Petersburg"), initiated this *pro se* legal malpractice action by submitting a complaint, along with a motion to proceed *in forma pauperis* [Document # 1], which remains pending before this Court. Named as Defendants are Knox, McLaughlin, Gornall & Sennett, P.C. ("Knox"), a law firm located in Erie, Pennsylvania, and four of its legal professionals: Richard A. Lanzillo, Esquire ("Lanzillo"), Neal R. Devlin, Esquire ("Devlin"), Bryan G. Baumann, Esquire ("Baumann"), and Lorie Watson ("Watson"), a paralegal, all residents of Erie County, Pennsylvania. Jurisdiction before this Court is based upon diversity of citizenship.

The allegations raised in Plaintiff's Complaint, are identical to those Plaintiff raised in his previous Complaint that was litigated before this Court at Case No. 08-43 Erie. That Complaint was dismissed by Order of District Judge Sean J. McLaughlin, dated March 13, 2009.

### B. Standards of Review

#### 1. PLRA

The Prison Litigation Reform Act (hereinafter, "PLRA"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(e). Wilson v. Rackmill, 878 fd 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

#### 2. *Pro Se* Pleadings

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal

authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

### C. Discussion

The doctrine of claim preclusion, traditionally known as *res judicata*, "... generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Generally, claim preclusion requires a final judgment on the merits in a prior suit involving the same parties, and a subsequent suit based on the same cause of action. Kean v. Adler, 2003 WL 21205885, *6 (3d Cir. 2003), citing General Electric Co. v. Deutz Ag, 270 F.3d 144, 158 (3d Cir.2001). That is precisely the case here. Plaintiff has simply re-filed the identical complaint against the same parties, which was previously dismissed by this Court at Docket No 08-43 Erie. As a result, this case should be dismissed as frivolous, based upon the doctrine of *res judicata*.

## III. CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e) and Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] should be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a

waiver of some appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                S/Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                Chief U.S. Magistrate Judge

Dated: April 9, 2009

cc:    The Honorable Sean J. McLaughlin
       United States District Judge