IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON WARD,                              )
                                         )
    Plaintiff,                           )
    v.                                   )   C.A. No. 09-68 Erie
                                         )
KNOX McLAUGHLIN GORNALL                  )
& SENNETT, P.C., et al.                  )
                                         )
    Defendants.                          )

### Opinion and Order

Plaintiff's complaint was received by the Clerk of Court on March 26, 2009, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's report and recommendation, filed on April 9, 2009, recommended that this complaint be dismissed as legally frivolous in accordance with to 28 U.S.C. § 1915(e) and that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #1) be denied as moot.

More specifically, the Magistrate Judge recommended dismissal on claim preclusion grounds because the instant complaint is a re-filing of Plaintiff's prior dismissed Complaint at Civ. No. 08-43 Erie. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail at FCI Petersburg, where he is incarcerated.

Objections were filed by Plaintiff on April 17, 2009. Plaintiff acknowledges that the instant case is a re-filing of his prior Complaint at Docket No. 08-43 Erie. (Declaration to Proceed In Forma Pauperis, Doc. 1, at ¶ 2.) The prior Complaint was dismissed because Plaintiff

failed to file a certificate of merit in accordance with Pennsylvania Rule of Civil Procedure 1042.3. Plaintiff argues that the prior dismissal was without prejudice to his re-filing his Complaint with a certificate of merit.

In dismissing the prior complaint at Civ. No. 08-43 Erie, the District Court stated in relevant part that "the proper procedure in federal court is to treat a motion to dismiss a professional negligence action for failure to comply with Rule 1042.3 as a motion to dismiss, without prejudice, if Plaintiff may still re-file a timely complaint with a required certificate of merit." Ward v. Knox McLaughlin, Gornall & Sennet, P.C., et al., Civ. No. 08-43 Erie, Opinion and Order, at 7 (citing Bresnahan v. Schenker, 498 F.Supp.2d 758, 762 (E.D.Pa.2007) and Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D.Pa.2004)). The Complaint was then dismissed without prejudice. Plaintiff has re-filed his action with a certificate of merit. (Doc. 1, at 2.) Thus, dismissal of this case on claim preclusion grounds is not warranted. Nonetheless, for the reasons discussed below we conclude that dismissal is appropriate pursuant to 28 U.S.C. § 1915. Section 1915 provides that the Court is obligated to "dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. The Underlying Action

The underlying action in this case primarily involves a claim of an Eighth Amendement violation by prison officials at a prison factory where Plaintiff worked at the Federal Correctional Institution in McKean, Pennsylvania. *Ward v. LaManna et al.*, Civ. No. 04-11 Erie. The factory manufactured furniture components. Plaintiff alleged that two of the products Plaintiff worked with, Micore Board and Lockweld Glue, created an unreasonable risk of serious harm due to

2

exposure to a silica-containing dust created when the Micore Board was cut, and the fumes from the glue.

Plaintiff began pursuing the action *pro se*, originally filing a Complaint that included, along with his primary Eighth Amendment claim, a Fifth Amendment substantive due process claim and a retaliation claim. These claims survived a motion to dismiss, however Plaintiff was also ordered to file an amended complaint. Plaintiff filed a motion for appointment of counsel, which was granted. The Court appointed Knox, McLaughlin, Gornall, & Sennett, P.C. to represent Plaintiff. Plaintiff's new counsel filed a Second Amended Complaint on January 20, 2006.

Prior to trial the Court granted summary judgment in favor of Defendants on March 14, 2007. The Court granted summary judgment because there was no evidence to show that the manufacturing plant contained an unreasonably high level of silica dust or exposure to fumes from the glue; that Plaintiff voluntarily chose to work in the factory; and that there was no evidence that prison officials were deliberately indifferent to the serious risk of harm to Plaintiff.

Plaintiff timely appealed the dismissal. In addition, on February 11, 2008, Plaintiff filed his initial legal malpractice claim against Defendants at Civ. No. 08-43 Erie. The United States Court of Appeals affirmed the District Court's dismissal of the underlying action on June 15, 2009. *Ward v. LaManna*, 2009 WL 1652396 (3d Cir. June 15, 2009).

### II. Initial Legal Malpractice Complaint

Plaintiff's first legal malpractice action, Civ. No. 08-43 Erie, was filed on February 11, 2008. As noted, Plaintiff's first legal malpractice complaint is identical to the instant Complaint filed at Civ. No. 09-68 Erie, and thus our citations are to the Complaint filed at Civ. No. 09-68 Erie.

3

In both Complaints, Plaintiff alleges that his former attorneys were negligent in filing the Second Amended Complaint because they "dropped [Plaintiff's] Retaliation and Fifth Amendment Claims without plaintiff's approval or without even consulting him." (Complaint, Civ. No. 09-68 Erie, at ¶ 14.) He further alleges that his prior counsel "failed to investigate and take depositions of corroborating witnesses even after plaintiff and co-plaintiffs stressed the importance of these witnesses[ and] [e]ven after Defendant Lanzillo and Defendant Watson assured [Plaintiff] that they would." (Complaint, Civ. No. 09-68 Erie, at ¶ 15.) Additionally, Plaintiff alleges that Defendants "failed to hire an investigator to locate these witnesses" when it was clear they were not available. (Complaint, Civ. No. 09-68 Erie, at ¶ 16.) Moreover, Plaintiff alleges that "Defendants knew that Plaintiff did not have an expert medical report ready but did not request for an extension to file a response" to the pending motion for summary judgment/motion to dismiss until two days before the brief was due, and the motion for extension of time was denied. (Complaint, Civ. No. 09-68 Erie, at ¶ 21.) Finally, Plaintiff alleges that his prior counsel did not take any affidavits of the Plaintiff to dispute the contentions made by the opposing Defendant in the underlying action. (Complaint, Civ. No. 09-68 Erie, at ¶ 26.)

On June 2, 2008, Defendants filed a motion to dismiss arguing that Plaintiff's Complaint should be dismissed because he failed to file a certificate of merit, the statute of limitations had run on some aspects of his claim, and because Plaintiff's claims were otherwise meritless. (*See* Docs. 12 and 13, Civ. No. 08-43 Erie.)

With regard to his failure to file a certificate of merit, Plaintiff argued that he should not be required to file a certificate. (Doc. 18, at 2, Civ. No. 08-43 Erie.) Alternatively, he argued that he should be permitted "the opportunity to file a certificate of merit if it is necessary." *Id.* With regard to the timeliness of his Complaint Plaintiff argued that the limitations period was

4

tolled while his counsel still represented him. Plaintiff did not respond to the argument that his claims were without merit.

As noted, Plaintiff's Complaint at Civ. No. 08-43 Erie was dismissed only for failure to file a certificate of merit. We now conclude that dismissal of Plaintff's Complaint is warranted for the following reasons.

### III. Statute of Limitations

The statute of limitations period for a legal malpractice claim in Pennsylvania is two years. 42 Pa.C.S.A. § 5524. "In actions for legal malpractice, Pennsylvania uses the occurrence rule to determine when the statute of limitations begins to accrue." *Glenbrook Leasing Co. v. Beausang*, 839 A.2d 437, 441 (Pa.Super. 2003). "Under this rule, 'the statutory period commences upon the happening of the alleged breach of duty.'" *Id.* (quoting *Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger*, 674 A.2d 244, 246 (Pa. Super. 1996)). "'An exception to this rule is the equitable discovery rule which will be applied when the injured party is unable, despite the exercise of due diligence, to know of the injury or its cause. Lack of knowledge, mistake or misunderstanding, will not toll the running of the statute.'" *Glenbrook Leasing Co.*, 839 A.2d at 441 (quoting *Robbins*, 674 A.2d at 246-247).

Defendants argued that Plaintiff's cause of action with regard to the failure to include a retaliation and Fifth Amendment claim in his Complaint accrued on the date the law firm filed Plaintiff's Second Amended Complaint, January 20, 2006. Therefore, Defendants argued that Plaintiff's February 11, 2008 Complaint was untimely.

Plaintiff responded to Defendants' motion to dismiss on July 18, 2008. (Doc. 18, Civ. No. 08-43 Erie.) As to whether his Complaint was untimely, Plaintiff argued that his cause of action was tolled until he was no longer represented by the attorneys he claimed committed the

malpractice. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Civ. 08-43 Erie, at 2-3.) Plaintiff's attorneys' motion to withdraw their representation of Plaintiff was granted on April 2, 2007. (Doc. 78, Civ. No. 04-11 Erie.) Thus, according to Plaintiff his claims were tolled until April 2, 2007, and therefore he had until April 2, 2009 to assert his legal malpractice claims against Defendants.

There is no question that the "the happening of the alleged breach of duty" with regard to the failure to include certain claims in the Second Amended Complaint occurred on January 20, 2006, when the Second Amended Complaint was filed. *Robbins*, 674 A.2d at 246. Plaintiff has not alleged that he was unable, despite the exercise of due diligence, to know of the injury or its cause any later than when the Second Amended Complaint was filed. Therefore, the equitable discovery rule does not apply to these claims. Accordingly, the statute of limitations on these claims began to run on January 20, 2006.

Plaintiff's only argument is that the statute of limitations is tolled until his attorneys no longer represent him, which, as noted, occurred on April 2, 2007. While other jurisdictions apply the "continuous representation rule" Pennsylvania does not, and the Pennsylvania Superior Court explicitly declined to adopt such a rule. *Glenbrook Leasing Co.*, 839 A.2d at 441-442. Thus, we find that Plaintiff's claims regarding the failure to include his retaliation and Fifth Amendment claims in his Second Amended Complaint must be dismissed as these claims were filed well beyond the statute of limitations.

With regard to Plaintiff's remaining claims of legal malpractice, we cannot say for certain whether the statute of limitations was tolled, and if so, for how long. The underlying action on which Plaintiff's legal malpractice claim rests was dismissed on March 14, 2007. We note that this date appears to be the earliest date that Plaintiff would have known that he suffered an injury

due to Defendants' alleged malpractice. However, we are without sufficient evidence to make such a factual determination. *Walsh v. Consolidated Design & Engineering, Inc.*, 2007 WL 2844829, at *3, *5 (E.D.Pa. Sept. 28. 2007).

## IV. Failure to State a Claim

Plaintiff's remaining allegations of legal malpractice must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's claims of legal malpractice concern (1) the failure to investigate and take depositions of corroborating witnesses and failure to hire an investigator to locate the witnesses; (2) the failure to obtain a timely expert medical report and failure to timely request an extension to obtain the report; and (3) the failure to take affidavits of the Plaintiff.

In order to establish a claim of legal malpractice, Plaintiff must show "(1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff." *Wachovia Bank N.A. v. Ferretti*, 935 A.2d 565, 570-71 (Pa. Super. 2007) (citing *Bailey v. Tucker*, 621 A.2d 108, 112 (Pa. 1993)). Plaintiff cannot show that Defendants alleged negligent behavior was the proximate cause of harm to Plaintiff. In other words, there is no set of facts alleged by Plaintiff that would show that he would have proceeded to trial or settlement in his underlying action had Defendants not been negligent as alleged by Plaintiff.

### A. Applicable Eighth Amendment Law

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S 825, 828 (1994) (citing *Helling v. McKinney*, 509 U.S. 25 (1993)). To succeed on a claim that a prison official violated the Eighth Amendment, a plaintiff must show that "he has suffered an objectively, sufficiently

serious injury," and "that prison officials inflicted the injury with deliberate indifference." *Farmer*, 511 U.S. at 834. Thus, a plaintiff must satisfy both the objective element and the subjective element in order to succeed on his claim.

"To satisfy the objective part of the analysis, [Plaintiff] must show that the environmental hazard posed an unreasonable or substantial risk of serious harm to [his] health. *Ward v. LaManna*, 2009 WL 1652396, at *2 (3d Cir. June 15, 2009) (citing *Helling*, 509 at 35). To satisfy the subjective element, Plaintiff "must show the prison officials exposed [him] to that risk with deliberate indifference." *Id.*

### B. Objective Element

The underlying action was dismissed in part because there was no evidence to show that the manufacturing plant contained an unreasonably high level of silica dust or exposure to fumes from the glue. Among other evidence, in 2001, the Occupational Safety and Health Administration ("OSHA") recommended that the prison conduct air quality testing, which it did. The results were within OSHA's regulations. In 2003, OSHA conducted an on-site investigation from April through August 2003, and found that exposure to silica dust was within the regulations. Therefore, Plaintiff could not establish the objective element to succeed on his Eighth Amendment claim. None of the alleged negligent behavior of Defendants in the underlying case, if corrected, would affect the conclusion that there was not an unreasonably high level of any dangerous toxin. Accordingly, Plaintiff cannot succeed on his claim of legal malpractice because he cannot show that it was Defendants' negligent conduct that caused his case to be dismissed.

### C. Subjective Element

Moreover, the United States Court of Appeals for the Third Circuit affirmed the dismissal of the case on the grounds that Plaintiff could not establish the subjective element of deliberate indifference. *Ward v. LaManna*, 2009 WL 1652396, at *2. Specifically, the Court of Appeals concluded that there was "no evidence to support a reasonable inference that the prison staff was aware of an unreasonable risk." *Id.* at *3. Additionally, the Court noted that the prison staff cannot be deemed to be deliberately indifferent because the staff actually took remedial measures recommended in 2003 by OSHA. *Id.* Again, none of the alleged negligent behavior of Defendants in the underlying case, if corrected, would affect the conclusion that the prison officials acted with deliberate indifference to support an Eighth Amendment claim. Plaintiff has failed to state a claim against Defendants upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, we will dismiss Plaintiff's complaint with prejudice.

### V. Conclusion

Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "the district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). Because Plaintiff has filed a certificate of merit, we cannot adopt the report as that was the only basis given in the report for dismissal of the action. However, for the reasons stated above we accept the recommended decision and will dismiss this action.

**ORDER**

After de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered.

AND NOW, this  21ST  day of September, 2009, it is HEREBY ORDERED, ADJUDGED, and DECREED that the report and recommendation, filed on April 9, 2009, recommending dismissal of the Complaint, and dismissal as moot of Plaintiff's motion for leave to proceed *in forma pauperis*, be and hereby is accepted for the reasons stated herein.

Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's motion for leave to proceed *in forma pauperis* is DISMISSED as moot.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.,
Senior United States District Judge

cc:   Susan Paradise Baxter
      U.S. Magistrate Judge

      all parties of record _____